# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 6:90CR00112 |
| v. ) | |
| ) | **OPINION** |
| ) | |
| AUGUSTINE PEREZ, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Augustine Perez, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a pleading in this case, which he styles as a "Petition for Coram Nobis and Audita Querela." For the reasons stated, I find that his petition must be construed as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), and dismissed as successive.

I

After a ten-day jury trial, Augustine Perez was convicted of conspiracy, directing a continuing criminal enterprise ("CCE"), possessing cocaine with intent to distribute, distributing cocaine, possessing cocaine with intent to distribute on school property, and possessing a firearm during a drug trafficking offense. The court

sentenced Perez in March of 1991 to a total of 322 months imprisonment. Perez filed a motion for new trial in December 1991. After conducting a hearing on the matter, the court denied that motion. Perez appealed, and the United States Court of Appeals for the Fourth Circuit, addressing his claims, affirmed the judgment, and the Supreme Court denied certiorari. *United States v. Hubbard*, No. 91-5281, 1993 WL 326615 (4th Cir. Aug. 27, 1993) (unpublished), *cert. denied*, *Perez v. United States*, 510 U.S. 1122 (1994).

Perez filed a § 2255 motion in March of 1997, raising numerous claims. This court found his claims to be without merit or untimely and dismissed the § 2255 motion. Perez appealed, the Fourth Circuit dismissed the appeal, and the Supreme Court denied certiorari. *Perez v. United States*, No. 7:97CV00179 (W.D. Va. Mar. 18, 1998), *appeal dismissed*, No. 98-6641, 1998 WL 830770 (4th Cir. Dec. 2, 1998) (unpublished), *cert. denied*, 528 U.S. 854 (1999). Court records indicate that Perez has pursued other post-conviction proceedings, in this court and elsewhere, too numerous to list here.[1]

---

[1] In reviewing the records of the post-conviction motions Perez has filed, I note that he is a likely candidate for sanctions or a prefiling injunction, limiting his ability to file additional such motions. He has raised the same claims repeatedly, even after a court has ruled the claims to be unworthy of relief. His repetitive filings have caused unnecessary expenditures of court resources to review and dispose of the same claims over and over.

Perez filed his current petition as both a Petition for a Writ of Error Coram Nobis and for Audita Querela. Perez believes he is entitled to the former type of writ because the alleged structural errors made the judgment infirm before its inception. He asserts that he is entitled to the latter type of writ because the appellate proceedings made only "vague and ambiguous reference to the claims raised" (Pet. 7) and collateral proceedings were ineffective because the trial judge refused to recuse himself "so that he [could] arbitrarily deny the § 2255 motion." (*Id.* 7-8.) Perez alleges that the appeal from the denial of his § 2255 was also defective, as demonstrated by the fact that the court of appeals dismissed the appeal on the reasoning of the district court and allowed the structural errors to stand, whether because of "fraud by the clerks or judicial bias." (*Id.* 8.)

II

The writ of audita querela and the writs of error coram nobis, coram vobis, along with other common law writs, were specifically abolished in federal civil actions by amendments to Federal Rule of Civil Procedure Rule 60, effective in 1948. The Supreme Court has recognized, however, that the ancient writ of coram nobis is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C.A. § 1651(a) (West 2006). *See United States v. Morgan*, 346

U.S. 502, 511 (1954). Accordingly, courts have generally held that the writ of audita querela may still be available under rare circumstances. *See, e.g., United States v. Reyes*, 945 F.2d 862, 865-866 (5th Cir. 1991) (citing other cases).

Writs of audita querela and coram nobis are "similar, but not identical." *Id.* Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *Id.* By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id.* In audita querela, "[t]he defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997) (citing *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992)); *see also United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (explaining that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.")

On the other hand, the writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal

proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal citation omitted). Other examples of facts and circumstances justifying coram nobis relief include the defendant's immunity from prosecution for diplomatic reasons, the defendant's insanity, or after-discovered evidence of misconduct by the prosecution or the jury or officials' coercion of witnesses to offer perjurious testimony. *Morgan*, 346 U.S. at 507-11.

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.A. § 2255, in the court where he was convicted. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains certification from the court of appeals to pursue a second § 2255. 28 U.S.C.A. § 2255(h).[2] The court of appeals may certify a successive § 2255 motion for consideration by the district court if its claims are based on newly discovered evidence or on a "new rule of constitutional law" decided by the Supreme Court and made retroactive to cases on collateral review. § 2255(h).

---

[2] Amendments to § 2255 that took effect on January 7, 2008, assigned letter designations to the previously unnumbered paragraphs of the statute.

In rare circumstances, when § 2255 is "inadequate or ineffective to test the legality of . . . detention," *Jones*, 226 F.3d at 333 (internal citations omitted), a federal inmate may challenge the fact of his confinement through some other judicial remedy. *See* § 2255(e) (often referred to as "the savings clause" of § 2255). The Fourth Circuit has recognized only one set of circumstances in which § 2255 is inadequate and ineffective to test the legality of a conviction, as follows:

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-334.

Neither the writ of coram nobis nor the writ of audita querela is available to an inmate to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion to vacate sentence under § 2255. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (coram nobis)*; United States v. Valdez-Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001) ("We agree with our sister circuits and conclude that a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); *Johnson*, 962 F.2d at 582 (explaining that audita querela

may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255.") The fact that a particular prisoner did not achieve the outcome he desired in a § 2255 proceeding or would now be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. *See, e.g., In re Jones*, 226 F.3d at 333 (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision).

III

Perez alleges the following claims in his current petition as construed and numbered by the court:

(1) He was arraigned without counsel;

(2) He was forced to make pro se arguments regarding assets he needed to hire counsel of choice;

(3) He was denied counsel of choice;

(4) He was tried in the criminal proceedings before being heard in a civil forfeiture matter involving funds he needed to hire counsel of choice;

(5) The trial judge's rulings reflected bias against Perez;

(6) The trial judge and the prosecutor conspired to commit fraud in the 1995 forfeiture hearing;

(7) The trial judge delayed ruling on the suppression hearing until the middle of trial and then erroneously applied the good faith exception to the warrantless seizure of computer diskettes, which had been in the possession of others;

(8) The trial judge asked government witnesses leading questions, bolstered their credibility, suggested answers to them, and encouraged double and triple hearsay;

(9) The trial judge was antagonistic to defense witnesses and to defense counsel;

(10) The trial judge took the motion for acquittal under advisement until post-trial hearings and then denied it, although noting on the record that he would not have found Perez guilty under the "king pin statute";

(11) At a prosecutorial misconduct hearing in May 1992, the trial judge advised a witness to continue cooperating with prosecutors and to testify in the upcoming trial against Perez, despite the fact

that the witness had admitted lying in prior statements in order to get out of prison;

(12) The trial judge relied on this witness's perjured statements in ruling against Perez during the civil forfeiture proceedings;

(13) The United States Court of Appeals for the Fourth Circuit failed to correct any of these structural errors during Perez's direct appeal;

(14) The trial judge refused to recuse himself from ruling on Perez's § 2255 motion;

(15) The trial judge denied § 2255 relief on Perez's claim that he was deprived of counsel of choice;

(16) The trial judge denied relief on Perez's claim under § 2255 that the judge had demonstrated bias in favor of the prosecution;

(17) Perez is actually innocent of the school zone offense (based on post-trial recantation of the only testimony presented at trial as to that claim);

(18) Perez is actually innocent of carrying a firearm during and in relation to a drug trafficking crime, because the jury was

erroneously instructed and he contested the evidence that he carried a gun;

(19) The prosecutor improperly vouched for facts despite contrary evidence;

(20) The judge improperly dismissed some § 2255 claims as untimely filed without giving Perez notice, and the Fourth Circuit improperly found these claims to be without merit;

(21) Perez's sentence was based on testimony that was recanted, which violated due process;

(22) Perez's CCE and conspiracy convictions violated double jeopardy principles;[3]

(22) The court lacked jurisdiction to sentence Perez for possession with intent to distribute because no cocaine was actually seized in this case; and

(23) The court ignored Perez's § 2255 claim based on cumulative error.

---

[3] In this claim, Perez relies on *Rutledge v. United States*, 517 U.S. 292, 300 (1996) which held that conspiracy under 21 U.S.C.A. § 846 (West 1999) is a lesser included offense of a CCE offense under 21 U.S.C.A. § 848 (West 1999 & Supp. 2010).

These claims are, without exception, the type of claims that could have been raised on direct appeal of the convictions and sentences, in Perez's initial § 2255 motion, in the appeal from denial of the § 2255 motion, or in a petition for a writ of certiorari. In fact, Perez has raised most, if not all, of his current claims in some form during one or more of his prior court proceedings. He simply does not agree with the manner in which the courts have decided his claims and he wants them revisited in this petition. His inability to obtain relief through past proceedings, however, does not render § 2255 an ineffective or inadequate remedy so as to open the door for his claims to be cognizable under coram nobis or audita querela. He points to no change in law that has occurred since his initial § 2255 proceedings that decriminalized any of the conduct for which he stands convicted. Accordingly, he fails to demonstrate the elements necessary to proceed under the "savings clause" of § 2255(e), *In re Jones*, 226 F.3d at 333-34, so as to proceed with an extraordinary writ under § 1651, such as coram nobis or audita querela.

In any event, none of his claims qualify for relief under the writs he seeks. None of these claims involve a basic fact about the parties or the evidence against Perez that was not known to him at some point during his criminal and appellate proceedings and his prior § 2255 proceeding. Similarly, he points to no legal defense

that became available to him only after the close of criminal proceedings and his initial § 2255 proceedings.

Because Perez may not proceed with his claims through any extraordinary writ under § 1651(a), I construe his claims as a § 2255 motion. Since Perez has already taken his bite at the § 2255 apple, however, his current motion is a second or successive one under § 2255(h). Perez offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I must dismiss his motion as successive.

A separate Final Order will be entered herewith.

DATED: June 25, 2010

/s/ JAMES P. JONES
Chief United States District Judge